# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

JAMES ODELL WHITTEMORE                                         PLAINTIFF

v.                                   CIVIL ACTION NO. 5:18CV-186-TBR

CODY HAMBY *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff James Odell Whittemore filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

## I.

Plaintiff filed the complaint on a general civil complaint form naming as Defendants Cody Hamby and the Kentucky State Police Post 1. Plaintiff states that on June 17, 2015, in Hickory, Kentucky, Defendant Hamby, a Kentucky State Trooper, "handcuffed me and beat me to the point of unconsciousness." He asserts, "I woke up in the ambulance while being transported to the Jackson Purchase Hospital Mayfield, Kentucky." He further states, "I was di[ag]nosed with a facial fracture with multiple abrasions to my wrists and back. The Ky State Police condone all action of Trooper Hamby." In the section of the form requesting the amount in controversy, he states, "300,000.00 pain and suffering. I am a mental patient an I still have mental issues with the beating received from Mr. Hamby." As relief, Plaintiff seeks compensatory and punitive damages.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

The Court construes the allegations as asserting an excessive-force claim under the Fourth Amendment. A claim for a violation of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). Therefore, the Court construes the complaint as brought under § 1983.

The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions,

federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff states on the face of the complaint that the alleged incident of excessive force occurred on June 17, 2015. Therefore, it is clear that Plaintiff knew of the alleged injury more than one year before the complaint was filed on November 29, 2018. Accordingly, the complaint is barred by the statute of limitations and must be dismissed as frivolous.

A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date:   May 14, 2019

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4413.010